# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:13-cr-00071-MR-DLH

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>BARBARA ELIZABETH SHELTON, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as a motion to modify the Defendant's sentence. [Doc. 28].

In her letter, the Defendant asks the Court to consider modifying the Judgment in order to impose a "split sentence." [Doc. 28 at 1]. As the Defendant cites the hardship that her incarceration has caused her family, the Court presumes that the Defendant's use of the term "split sentence" is intended to mean a sentence wherein the Defendant would serve at least a portion of her sentence on home confinement.

Pursuant to 18 U.S.C. § 3582(c), the Court may reduce or modify a sentence only: (1) upon motion of the Director of the Bureau of Prisons, if certain extraordinary and compelling reasons so warrant; (2) under the

express authority of Rule 35 of the Rules of Criminal Procedure, which provides that the Court may correct a clear error in a sentence within 14 days after sentencing or reduce a sentence upon motion by the Government for the defendant's substantial assistance; or (3) when a defendant is sentenced to a term of imprisonment based upon a sentencing range that was subsequently lowered by the United States Sentencing Commission. <u>See</u> 18 U.S.C. § 3582(c). None of these circumstances are applicable in the present case. Accordingly, the Defendant's request for a modification of her sentence must be denied.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's letter [Doc. 28], which the Court construes as a motion to modify the Defendant's sentence, is **DENIED.**

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge