# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:13-cr-00071-MR-DLH

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| BARBARA ELIZABETH SHELTON, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as a motion to modify the Defendant's sentence. [Doc. 30].

On October 31, 2013, the Defendant pleaded guilty to one count of wire fraud, in violation of 18 U.S.C. § 1343, pursuant to a written plea agreement. [Minute Entry dated Oct. 31, 2013; Doc. 10: Amended Plea Agreement]. In the Amended Plea Agreement, the Government and the Defendant agreed to make a joint recommendation to the Court that the loss amount known or reasonably foreseeable by the Defendant was $246,990.08. [Doc. 10 at 2]. The Defendant acknowledged in the Amended Plea Agreement that the Court would not be bound by any of the recommendations or agreements made by the Government. [Id.].

In anticipation of sentencing, the U.S. Probation Office prepared a Presentence Report ("PSR"). In discussing the specific offense characteristics, the probation officer recommended using $329,313.80 as the loss amount instead of the $246,990.08 recommended by the parties. As the loss exceeded $200,000 but was less than $400,000, the probation officer recommended a 12-level increase in the offense level pursuant to U.S.S.G. § 2B1.1(b)(1)(G) (2013). [Doc. 18 at ¶ 19].

The Defendant proceeded to sentencing on March 31, 2015. Upon review of the PSR, the Court calculated a total offense level of 20, based in part on the 12-level increase based on the loss amount as calculated by the probation officer. Based on a total offense level of 20 and a criminal history category of I, the Court calculated the Defendant's Guidelines range to be 33 to 41 months. The Court ultimately sentenced the Defendant to a term of 36 months' imprisonment and ordered her to pay $246,990.08 in restitution. [Doc. 24: Judgment]. The Defendant did not appeal her conviction or sentence.

On November 19, 2015, the Court received the present letter from the Defendant, which the Court construes as a motion to modify her sentence. [Doc. 30]. In her motion, the Defendant asks the Court to modify her sentence based on the 2015 amendments to the loss tables set forth in

U.S.S.G. § 2B1.1. Specifically, she argues that the application of these amended loss tables could result in her serving "a significantly lesser sentence." [Doc. 30 at 1]. Alternatively, the Defendant argues that she should be allowed to serve at least part of her sentence at home pursuant to the Second Chance Act. [Id.]. The Court will address each of these contentions in turn.

Pursuant to 18 U.S.C. § 3582(c), the Court may reduce or modify a sentence when a defendant is sentenced to a term of imprisonment based upon a sentencing range that was subsequently lowered by the United States Sentencing Commission. See 18 U.S.C. § 3582(c). A defendant is not entitled to the benefit of a subsequent substantive Guidelines amendment, however, unless the Sentencing Commission has designated the amendment for retroactive application. United States v. Goines, 357 F.3d 469, 474 (4th Cir. 2004). Here, Amendment 791 (eff. Nov. 1, 2015), which amended U.S.S.G. § 2B1.1, was not designated for retroactive application. See U.S.S.G. § 1B1.10(d). Accordingly, the Defendant is not entitled to a modification of her sentence pursuant to this amendment to the Guidelines.

Even if the amendment were retroactively applicable, however, the Defendant would not be entitled to any relief. Amendment 791 amended the

3

monetary tables in §2B1.1 and other provisions in order to account for inflation. Under the amended Guideline, the Defendant's loss amount of $329,313.80 would still result in an increase of twelve offense levels. See § 2B1.1(b)(1)(G) (2015). Accordingly, the Defendant's request for a modification of her sentence pursuant to § 3582(c)(2) must be denied.

The Defendant's alternative request for relief is also without merit. The Second Chance Act of 2007, Pub. L. No. 110–199, was enacted on April 9, 2008. The Act amended 18 U.S.C. § 3624 and provides that the Director of the Bureau of Prisons (BOP) shall "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months) under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community," including confinement in a community correctional facility, or "half-way house." See 18 U.S.C. § 3624(c)(1).

"The Second Chance Act vests discretion in the Director of the BOP to determine how much time, not to exceed 12 months, an inmate can spend in prerelease custody." Groomes v. Warden, No. 6:09-1750-PMD, 2010 WL 738306, at *8 (D.S.C. Mar. 3, 2010). Therefore, before seeking relief from any court regarding the Second Chance Act, a defendant must exhaust all administrative remedies through the Bureau of Prisons. See Wright v.

Warden, FCI-Cumberland, No. RDB-10-671, 2010 WL 1258181, at *2 (D. Md. Mar. 24, 2010) (dismissing motion under Second Chance Act for failure to exhaust administrative remedies); Yannucci v. Stansberry, No. 2:08cv561, 2009 WL 2421546, at *3 (E.D. Va. July 28, 2009) (dismissing § 2241 action based on Second Chance Act due to failure to exhaust administrative remedies). Once all administrative remedies have been exhausted, a defendant may challenge the BOP's actions under the Second Chance Act only by filing the appropriate pleading in the district court located in the district of confinement, not the sentencing court. See Specter v. Director, No. 4:09-cv-0191-TLW-TER, 2010 WL 883733, at *3 (D.S.C. Mar. 5, 2010) (action under Second Chance Act challenges execution of sentence properly brought under § 2241); see also United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989) (claim attacking computation or execution of sentence pursuant to § 2241 must be brought in district of confinement). Accordingly, the Defendant's request for relief under the Second Chance Act is denied.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's letter [Doc. 30], which the Court construes as a motion to modify the Defendant's sentence, is **DENIED**.

**IT IS SO ORDERED.**

Signed: December 14, 2015

Martin Reidinger
United States District Judge